Cox *vs.* Sullivan.

---

No. 26.—JAMES COX, plaintiff in error, *vs.* THOMAS C. SULLI-
VAN, defendant in error.

[1.] S, an attorney, gave a receipt for a note to collect, to C, in which the note
is described, but omitting the fact that it was indorsed by one R.  *Held,* that
in an action by C against S, for damages, it was competent for C to prove
by parol, the fact of the indorsement.

[2.] An attorney is bound to the highest honor and integrity—to the utmost
good faith; yet, if in the exercise of a diligence beyond the powers and
obligations of his trust, he realises a fund upon a judgment in his own favor,
out of his client's debtor, he is not bound to apply it to his client's claim.

[3.] An attorney is bound to *reasonable* skill and diligence, and is liable for
ordinary neglect; and the skill required has reference to the character of
the business which he undertakes to do.

[4.] The damages to which he is liable do not, necessarily, extend to the
whole amount of the debt which he assumes to collect, but only to the loss
which his client has actually sustained.

[5.] The client is not bound to any diligence, unless stipulated for, in a con-
tract.

Assumpsit, &c. in Sumter Superior Court. Tried before
Judge WARREN, May Term, 1849.

This was an action against Thomas C. Sullivan, an attorney at
law, surviving partner of Sullivan and Fraser, for misconduct, in
failing to collect the amount of a note placed in the hands of the
firm for collection.

---

*See *Monroe vs. The State,* 5 *Ga. Rep.* 85.—[Rep.]

Cox *vs.* Sullivan.

On the trial the following receipt was given in evidence:

"On or before the first day of January next, we or either of us, promise to pay John Rawls, or bearer, two hundred and thirty-five dollars, with interest from date, for value received.

May 11, 1839.            (Signed)        DEMPSEY J. JUSTICE,
                                        LEVI JUSTICE.

Received from James Cox the original note of which the above is a copy, for collection.        (Signed)    SULLIVAN & FRASER,
        April 3, 1842.                            Atto's at Law."

It was in evidence that suit was brought against the makers, to the May Term, 1842, of Sumter Superior Court. The note was placed in the declaration, it was supposed by both parties. These papers, with others, were afterwards extracted from the Clerk's office and burned up. Judgment was never obtained, nor copies of the papers established. Levi Justice ran away late in the fall of 1842, carrying away 18 negroes. It was in evidence that defendant, Sullivan, had collected fifty dollars, on a *fi. fa.* obtained since 1842, in his own favor, against Dempsey J. Justice, by sale of a lot of land in Bibb County; and also $125 by sale of land in Cobb County, by giving half the amount to the agent through whom the collection was made. Plaintiff's counsel then offered to prove, that when the note was received for collection, it had the indorsement of John Rawls, who resided in Pulaski County, and was solvent and able to respond at the time. Defendant objected to the testimony being admitted, which objection was sustained by the Court, and plaintiff excepted.

The Court charged the Jury that "if, by the professional neglect of the defendant, the plaintiff had been damaged, he was entitled to recover to the amount of that damage; that the defendant was not bound to go out of the County to search for property—this was for his client to do; that if defendant had a *fi. fa.* against Dempsey J. of younger date than the judgment of plaintiff would have been, and by extraordinary diligence and expense, defendant had raised money on his own *fi. fa.* he was not bound to apply the money thus made, to his client's debt."

To which charge plaintiff excepted; and these several decisions are alleged to be erroneous.

E. R. BROWN, for plaintiff in error.

B. Hill, for defendant in error.

*By the Court*—Nisbet, J. delivering the opinion.

[1.] We believe that the Circuit Judge erred in repelling parol evidence of the fact, that the note receipted for by the defendant was indorsed by John Rawls. The receipt describes a note made by Dempsey J. Justice and Levi Justice. The action was brought to charge the defendant for professional negligence, in damages. On the trial the plaintiff offered to prove by parol, that the note was indorsed by John Rawls, in order to lay the ground-work for proving negligence, in not suing him. The objection made here to the evidence is, that the receipt for the note is in the nature of a written contract, which cannot be varied, contradicted, or added to, by parol. We do not think that the rule as to parol evidence to vary, add to, or contradict a written agreement, applies to this case. There can be no doubt but that an attorney may stipulate in writing with his client as to the extent and terms of his obligations, and when that is done, the parties will be bound by it as the highest evidence (adopted by them) of what their contract is. The parties have not done that in this case. There is no agreement, in writing, as to the extent of the obligations assumed by the defendant. There is no limitation of those obligations as they exist by the general law. The receipt proves the bailment—the delivery of the note for collection—and no more. The plaintiff's right of action grows out of the relation which the law has established between client and attorney. According to the law regulating that relation, it is the duty of an attorney to collect a note, if necessary, out of an indorser as well as the maker or makers. And where the receipt of the note is established, and there is no contract to limit the attorney's duties, the extent of his duties is to be ascertained by the facts of the case, and the law of this species of bailment applicable thereto. I state the rule generally to be, that when a note is taken by an attorney for collection, and is indorsed, in the absence of any stipulation to the contrary, it is his duty to use the same diligence and skill to collect out of the indorser or any other party legally liable on it, which is necessary to collect out of the makers. Still, it is not true that, in *all cases*, he is bound to collect out of all the

parties on the paper.  If, according to the facts of the case, it was manifestly the understanding of the parties, that the indorser, or any other party, should not be pursued, then the attorney is not bound if he fails to pursue that party.  As, for example, in case of a note taken here for collection, and indorsed by a person residing without the jurisdiction of the State, and too remote for the personal attention of the attorney, and in all cases standing upon a like footing of reason and justice.  The *fact* of indorsement may be proven, and whether the attorney be bound to proceed against the indorser, under all the circumstances of the case, is to be left to the Court and Jury.  If, however, there are no facts or circumstances going to show that it was the understanding of the parties, that an indorser or any other party should not be pursued, then the obligation of the attorney is perfect to pursue, if need be, all the parties.  The rule of evidence operates equally in favor of both client and attorney, and may be applied for the benefit of both.

The Court below did not err in charging the Jury, that money raised by an attorney upon a judgment in his own favor, by extraordinary diligence, ought not to be applied by him to the claim of his client in his hands for collection.  The facts were, that the defendant, having a judgment against the debtor of his client, employed an agent at the cost of one-half his debt, to subject property in one of the remote Counties of the State, and did subject it.  Such a contract he could not make for his client without special authority.

[2.] He is bound to the *highest honor and integrity*, to the *utmost* good faith.  As a general rule, he will not be permitted to pursue his own interests when they conflict with those of his client.  By assuming the trust to collect, he pledges himself to protect his interest against all others, even his own.  Yet, if in the exercise of a diligence beyond the powers and obligations of his trust, he realizes a fund out of the common debtor, we know of no rule of Law or Equity which would compel him, at the peril of accountability in damages, to pay it to his client.  To appropriate money raised as this was, is no violation of professional honor.  What facts will constitute professional faith, and fulfil the requirements of professional honor, it would be in vain to attempt to ascertain by any general tests.  Each case, in this regard, must be determined by its own facts.  Clearly, however, it is the inter-

est of the  community, and also of a profession distinguished for its liberal views, its lofty honor, and its great social and moral influence, that the liability of its members, upon the score of good faith, should be subject to an exceedingly stringent rule.

[3.]  An attorney is  not bound to extraordinary diligence.   He is bound to  *reasonable* skill and diligence, and the *skill* has reference to the  character of the business  he undertakes to do.   He is liable  for ordinary neglect.   In other words, " He undertakes for the  employment of  a degree of  skill ordinarily adequate and proportioned to the business he assumes.   *Spondet peritiam artis. Imperitia culpæ adnumeratur.*   Reasonable skill  constitutes the measure  of his engagement, and he is  responsible for ordinary neglect."   2 *Greenlf. Ev.* §144.   *Story on Bailment*, §§431, 432, 433.   *Ruer vs. Righly*, 4 *B. & A.* 202.   *Ireson vs. Pearman*, 3 *B. & C.* 799.   *Hart vs. Frame*, 3 *Jur.* 547.   6 *Cl. & Fin.* 192.   *Lanphier vs. Phipos*, 8 *C. & P.* 475.   4 *Burrow*, 2061.   1 *Wheat. Selw.* 170.   4 *Peters*, 172.   2 *Watts & Serg.* 103.   *Riley*, 156.   3 *Pike*, 75.   15 *Mass.* 316.   1 *Verm.* 73.

[4.]  The damages' do not necessarily extend to the  amount of the debt lost by the attorney's negligence, but only to the loss actually sustained.   2  *Greenlf. Ev.* §146.   *Dearborn vs. Dearborn*, 15 *Mass.* 316.   *Crooker vs. Hutchinson*, 3 *Chipm.* 117.   *Huntington vs. Rummill*, 3 *Day*, 390.   3 *Bibb*, 517.

[5.]  We think that the Court erred in  saying to the Jury, that the  plaintiff—the client—is bound to  extraordinary diligence. His diligence, or the want of it, does not in any way affect the liability of his attorney, unless stipulated for by special contract.

Let the judgment be reversed.