Filed April 5, 1890.

---

No. 14,185.

THE CITIZENS LOAN FUND AND SAVINGS ASSOCIATION
OF BLOOMINGTON v. FRIEDLEY ET AL.

ATTORNEY AND CLIENT.—*Skill and Diligence.—Lack of.—Rule of Liability.*
—Attorneys are held to the same rule of liability for want of profes-
sional skill and diligence in practice, and for erroneous or negligent
advice to those who employ them, as are physicians, surgeons, and other
persons who hold themselves out to the world as possessing skill and
qualifications in their respective trades or professions.

SAME.—*Attorney.—Acceptance of Employment.—Liability to his Client.*—An
attorney who undertakes the management of business committed to his

charge, thereby impliedly represents that he possesses the skill, and that he will exhibit the diligence ordinarily possessed and employed by well-informed members of his profession in the conduct of business such as he has undertaken. He will be liable if his client's interests suffer on account of his failure to understand and apply those rules and principles of law that are well established and clearly defined in the elementary books, or which have been declared in adjudged cases that have been duly reported and published a sufficient length of time to have become known to those who exercise reasonable diligence in keeping pace with the literature of the profession.

SAME.—*Negligence.— When Attorney not Chargeable with.*—A lawyer is not to be charged with negligence where he accepts as a correct exposition of the law a decision of the Supreme Court of his own State, nor can he be held liable for a mistake in reference to a matter in which members of the profession, possessed of reasonable skill and knowledge, may differ as to the law until it has been settled in the courts; nor if he is mistaken in a point of law on which reasonable doubt may be entertained by well-informed lawyers.

SAME.—*Estate Held by Entireties.—Loan Upon.—Advice as to Liability for.*— An attorney who, prior to the decision of *Dodge* v. *Kinzy,* 101 Ind. 102, decided January 23, 1884, advised that a husband and wife might secure a debt of the former on his estate in lands held by himself and wife as tenants by the entireties, can not be regarded as guilty of negligence. The error must be regarded as one into which any reasonably careful and prudent lawyer might have fallen. Prior to the decision above referred to the Supreme Court of this State had never held that a mortgage executed by a husband and wife, on lands held by them as tenants by entireties, was void as to both of them.

From the Lawrence Circuit Court.

*J. H. Louden* and *W. P. Rogers,* for appellant.

*J. W. Buskirk, P. K. Buskirk* and *H. C. Duncan,* for appellees.

MITCHELL, C. J.—This suit was instituted by the Citizens Loan Fund and Savings Association against Harmon H. Friedley and the sureties on his bond, to recover money alleged to have been lost to the loan association on account of the negligence and want of skill of the defendant Friedley while acting as the attorney of the association.

It is averred that the association made a loan of $400 to one of its shareholders in August, 1883, upon the faith of

advice given by the appellee, its attorney, who certified to its officers in writing that the title to certain real estate upon which the applicant for the loan proposed to execute a mortgage as security therefor, was perfect and available to secure the loan applied for.

It appears that the real estate was owned by the applicant and his wife as tenants by the entireties, that the loan was made in reliance upon the advice of the attorney, that the borrower subsequently died, his estate being insolvent, and that his widow successfully resisted a suit for the foreclosure of the mortgage subsequently brought by the association, her defence having been predicated upon the ground that she signed the note and mortgage merely as the surety for her husband.

It is insisted that the complaint shows that the association sustained loss in consequence of the ignorance, carelessness or unskilfulness of its attorney, and that the latter, with his sureties, must therefore respond to it in damages for the amount lost. No neglect or want of skill appears except that the attorney was mistaken as to the law applicable to the state of the title of the borrower, and its availability as a security for the loan.

Attorneys are very properly held to the same rule of liability for want of professional skill and diligence in practice, and for erroneous or negligent advice to those who employ them, as are physicians, surgeons, and other persons who hold themselves out to the world as possessing skill and qualification in their respective trades or professions. *Waugh* v. *Shunk*, 20 Pa. St. 130.

The practice of law is not merely an art, it is a science which demands from all who engage in it without detriment to the public, special qualifications which can only be attained by careful preliminary study and training, and by constant and unremitting investigation and research. But as the law is not an exact science, there is no attainable degree

of skill or excellence at which all differences of opinion or doubts in respect to questions of law are removed from the minds of lawyers and judges. Absolute certainty is not always possible. "That part of the profession," said Lord MANSFIELD, in *Pitt* v. *Yalden,* 4 Burr. 2060, " which is carried on by attorneys is liberal and reputable, as well as useful to the public, when they conduct themselves with honor and integrity ; and they ought to be protected where they act to the best of their knowledge and skill. But every man is liable to error ; and I should be very sorry that it should be taken for granted that an attorney is answerable for every error or mistake, and to be punished for it by being charged with the debt which he was employed to recover for his client." *Watson* v. *Muirhead,* 57 Pa. St. 161 ; *United States Mortgage Co.* v. *Henderson,* 111 Ind. 24 (34).

An attorney who undertakes the management of business committed to his charge, thereby impliedly represents that he possesses the skill, and that he will exhibit the diligence ordinarily possessed and employed by well-informed members of his profession, in the conduct of business, such as he has undertaken. He will be liable if his client's interests suffer on account of his failure to understand and apply those rules and principles of law that are well established and clearly defined in the elementary books, or which have been declared in adjudged cases that have been duly reported and published a sufficient length of time to have become known to those who exercise reasonable diligence in keeping pace with the literature of the profession. *Hillegass* v. *Bender,* 78 Ind. 225, and cases cited ; *Pennington* v. *Yell,* 11 Ark. 212 (52 Am. Dec. 262) ; *Goodman* v. *Walker,* 30 Ala. 482 (68 Am. Dec. 134) ; Weeks Attorneys, sections 284–289 ; *Fenaille* v. *Coudert,* 44 N. J. L. 284 ; *Gambert* v. *Hart,* 44 Cal. 542.

Thus it has been said : " He is liable for the consequences of ignorance or non-observance of the rules of practice of his court, for the want of care in the preparation of the

cause for trial. Whilst, on the other hand, he is not answerable for error in judgment upon points of new occurrence, or of nice or doubtful construction." *Godefroy* v. *Dalton*, 6 Bing. 460. Chitty Con. 817; *Dearborn* v. *Dearborn*, 15 Mass. 316. It is his own fault, however, if he undertakes without knowing what he needs only to use diligence to find out, or applies less than the occasion requires.

A lawyer is without excuse who is ignorant of the ordinary settled rules of pleading and practice, and of the statutes and published decisions in his own State, but he is not to be charged with negligence where he accepts as a correct exposition of the law, a decision of the Supreme Court of his own State, nor can he be held liable for a mistake in reference to a matter in which members of the profession, possessed of reasonable skill and knowledge, may differ as to the law until it has been settled in the courts; nor if he is mistaken in a point of law on which reasonable doubt may be entertained by well-informed lawyers. *Marsh* v. *Whitmore*, 21 Wall. 178; *Kemp* v. *Burt*, 4 B. & Ad. 424.

Now, while it is quite true that section 5119, R. S. 1881, which took effect September 19th, 1881, prohibited a married woman from entering into any contract of suretyship, and declared all such contracts void as to her, and while it had been thoroughly settled that a married woman who had joined in a mortgage of her separate property to secure the debt of her husband was to be regarded as his surety (*Leary* v. *Shaffer*, 79 Ind., 567), it had never been held prior to the 23d day of January, 1884, when the judgment in *Dodge* v. *Kinzy*, 101 Ind. 102, was pronounced, that a mortgage executed by a husband and wife on lands held by them as tenants by entireties, was void as to both of them. It can not fairly be said, therefore, that before the decision in *Dodge* v. *Kinzy*, *supra*, was made and promulgated, so as to have become known by those reasonably diligent in the profession, it was such a mistake to advise that a husband and wife might secure a debt of the former on his estate in lands held

by himself and wife as tenants by the entireties, as could only have resulted from the want of ordinary knowledge and skill, or from the failure to exercise reasonable care and caution. The error must be regarded as one into which any reasonably careful and prudent lawyer might have fallen, and therefore one for which the attorney was not liable.

The judgment is affirmed, with costs.

Filed April 5, 1890.