STEIN v. KREMER et al.

(Supreme Court, Appellate Term.   November 24, 1908.)

ATTORNEY AND CLIENT (§ 129*)—DUTIES TO CLIENT—ACTIONS FOR NEGLIGENCE.
   In an action against attorneys for damages resulting from their neg-
   ligence in drawing a contract, plaintiff alleged, and testified, that he and
   his intending employers jointly employed defendants, counselors at law,
   to draw a contract for his employment for one year, and the contract
   which was so drawn and paid for, and, on advice of defendants, signed,
   was decided by the court to be a contract determinable at will. *Held*,
   that the case was for the jury.

   [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 290;
   Dec. Dig. § 129.*]

   Seabury, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Meyer Stein against Julius G. Kremer and Irving I.
Kremer.   Judgment for defendants, and plaintiff appeals.   Reversed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEA-
BURY, JJ.

Henry Kuntz (Sigmund Horkimer, of counsel), for appellant.
Abraham H. Sarasohn, for respondents.

PER CURIAM.   As alleged and as testified, the plaintiff having
agreed with intending employers for a year, he and they jointly em-
ployed the defendants, counselors at law, to draw a contract for his
employment for that period, and the contract, by one of them drawn
and which the plaintiff as to his part paid for and on advice signed,
was, as ruled by this court on a former appeal, a contract determinable
at will.   Upon such allegations, testimony, and determination, the com-
plaint might not be, as it was, dismissed when the plaintiff rested.

Judgment reversed and new trial ordered, with costs to appellant to
abide the event.

SEABURY, J. (dissenting).   The plaintiff alleges that the firm of
Kooperstein & Schwartz agreed to employ him as a designer for the
term of one year, and that he employed the defendants, who are law-
yers, to draw a contract expressing such an agreement.   He also al-
leges that the defendants drew a paper purporting to be such a con-
tract, which, in fact, prescribed no definite term of hiring, that his
employer discharged him before the expiration of a year, and that
he recovered judgment against his employer for the breach of said
contract, and that said judgment was set aside by the appellate tribunal
on the ground that the contract did not specify a definite term of em-
ployment.   The plaintiff therefore demands judgment against the de-
fendants for the amount of the judgment which he recovered against
Kooperstein & Schwartz, and which the Appellate Court reversed for
the reasons stated.   These facts having been proved in the court be-
low, the trial justice dismissed the complaint.   From the judgment
entered upon such dismissal, the plaintiff now appeals to this court.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The reason assigned by the trial justice for dismissing the complaint was that in his opinion the contract stated a definite term of employment. So far as the court below is concerned, that question has been determined to the contrary (Stein v. Kooperstein & Schwartz, 52 Misc. Rep. 481, 102 N. Y. Supp. 578), and that decision is binding upon the lower court, although its individual opinion as to the question involved may be different. The defendants, as attorneys, were not insurers of the correctness of the work which they undertook to perform for the plaintiff. The duty of the attorneys was to bring to the conduct of their client's business "the ordinary legal knowledge and skill common to members of the legal profession." 4 Cyc. 956. In order to recover in this action, it was necessary for the plaintiff to prove that the defendants had not brought to the conduct of the business with which he intrusted them the ordinary legal knowledge and skill common to the members of the legal profession. This the plaintiff did not prove merely by offering the contract in evidence and the decision of the court reversing a judgment upon it. It cannot be said that the question involved in the contract was entirely free from doubt, and the fact that two trial justices took the same view of the contract as the defendants is itself evidence of the fact that the defendants should not be held liable for the breach of this contract of employment as attorneys. In the absence of any evidence to show that the defendants had omitted to exercise the ordinary skill, prudence, and knowledge common among members of their profession, the complaint should have been dismissed. Although the court assigned an erroneous reason for dismissing the complaint, the complaint was properly dismissed.

The judgment appealed from should therefore be affirmed.