[No. 34503.   Department Two.   July 10, 1958.]

ELLA M. WARD, *Appellant*, v. S. DEAN ARNOLD, *Respondent*.[1]

[1]Reported in 328 P. (2d) 164.

*McKevitt, Snyder & Thomas*, for appellant.

*F. L. Stotler* (*V. R. Clements*, of counsel), for respondent.

ROSELLINI, J.—This is an appeal from a judgment entered upon an order sustaining a demurrer to a complaint alleging malpractice by an attorney at law. It was alleged that on July 7, 1953, the plaintiff had employed the defendant to draw a will for her husband, whereby she would be made the beneficiary of the residue of his estate; that the defendant had contacted her husband and ascertained that he desired to execute such a will, and that the defendant had prepared such a will and mailed it to the plaintiff with the following note attached:

"Fill in dates in *two* places. Have *two* discreet witnesses (Nurses and doctors dont want to act)

"All three (Babe and the two witnesses) must all be present and sign in the presence of the other two."

According to the allegations, the plaintiff's husband had executed the will, but not in the presence of witnesses, and she had neglected to have the will properly executed because the attorney had advised her that a will was unnecessary and that, by law, if her husband died intestate, she would receive the residue. It was alleged that, when she asked him if he were sure of this fact, he answered affirm-

atively and stated that it would affect only the amount of inheritance tax.

It was further alleged that the defendant well knew that the plaintiff's husband was the owner of a substantial amount of separate property obtained by inheritance from an estate which the defendant had probated; that the defendant knew or, if possessed of reasonable knowledge and exercising reasonable care under the standards of practice in the community, should have known that, under the laws of the state of Washington, if her husband died intestate, the plaintiff would inherit only half of his separate estate; that the remaining half would pass by inheritance to her husband's brother; that the execution or nonexecution of a will would not affect the amount of inheritance tax payable; and that there was no objection to attestation of a will by nurses or doctors.

It was further alleged that the husband possessed testamentary capacity and was ready, willing, and able to execute the will, but that the plaintiff, relying upon the advice of the defendant that a will was unnecessary and solely because of such advice, failed to have the will properly executed. Finally, it was alleged that the plaintiff's husband, who had been hospitalized at all times since a date prior to July 7, 1953, died intestate on August 17, 1953, and that as a result of his intestacy, property having a fair market value of $15,262.50 went by inheritance to his brother, and that this property would have passed to the plaintiff by will if the same had been executed as required by law, and that by reason thereof, the plaintiff had been damaged in the sum of $15,262.50.

The record does not reveal the theory upon which the trial court sustained the demurrer, but the respondent, in support of the judgment, advances two objections to the sufficiency of the complaint.

One is that the complaint, on its face, shows that the defendant was employed, not by the plaintiff but by her husband. We see no merit in this contention. The complaint plainly states that the defendant's services were engaged by the plaintiff, that the advice was given to her, and

that the will with attached instructions was sent to her. The fact that the defendant contacted the husband to determine whether the proposed will expressed his true intentions does not change the relationship alleged. It is not contrary to public policy for one person to engage an attorney to write the will of another, naming him beneficiary. *Schirmer v. Nethercutt,* 157 Wash. 172, 288 Pac. 265.

To sustain the judgment, the respondent points out that, according to the allegations of the complaint, the erroneous advice negligently given by the defendant was not the sole proximate cause of the plaintiff's loss, and that her own act caused the loss. It is true that, had the plaintiff followed the defendant's instructions, the loss would not have occurred; but the allegation is that her failure to do so was due solely to the defendant's assurance that the execution of the will was unnecessary.

██ Contrary to the defendant's contention, the law does not require that negligence of the defendant must be the sole cause of the injury complained of in order to entitle the plaintiff to damages therefor. The connection between a negligent act and an injury is not broken by an intervening event which occurs so naturally in the course of events that it might reasonably have been anticipated by the wrongdoer. *Theurer v. Condon,* 34 Wn. (2d) 448, 209 P. (2d) 311. We see no sound reason, and none is urged, why the degree of causation which must be proved in an action for damages for malpractice should be any different from that required in an ordinary negligence case.

██ An attorney at law, when he enters into the employ of another person as such, undertakes that he possesses a reasonable amount of skill and knowledge as an attorney, and that he will exercise a reasonable amount of skill in the course of his employment, but he is not a guarantor of results and is not liable for the loss of a case unless such loss occurred by reason of his failure to possess a reasonable amount of skill or knowledge, or by reason of his negligence or failure to exercise a reasonable amount of skill and knowledge as an attorney. *Isham v. Parker,* 3 Wash. 755, 29 Pac. 835.

The plaintiff alleged that she had employed the defendant as her attorney; that he thereupon gave her erroneous advice which would not have been given had he possessed a reasonable amount of skill and knowledge; that, in reliance upon that advice, she had failed to see to the proper execution of the will; and that, had it not been for this inaction, she would have received some fifteen thousand dollars from her husband's estate. These facts comprise the elements of a cause of action for malpractice. We are of the opinion that the complaint was not vulnerable to demurrer.

The judgment is reversed and the cause remanded for further proceedings.

HILL, C. J., DONWORTH, WEAVER, and FOSTER, JJ., concur.

September 26, 1958. Petition for rehearing denied.

[1] Reported in 328 P. (2d) 157.