43297.  REPUBLIC MORTGAGE CORPORATION
v. BEASLEY et al.

ARGUED JANUARY 9, 1968—DECIDED FEBRUARY 9, 1968—REHEARING DENIED FEBRUARY 23, 1968—CERT.

305

*O'Kelley, Hopkins & Van Gerpen, William C. O'Kelley,* for appellant.

*Hugh G. Head, Jr., Cotton & Katz, Richard A. Katz,* for appellees.

DEEN, Judge. ■ *Code Ann.* § 81A-186 provides that after September 1, 1967, the Civil Practice Act shall be effective in all further proceedings in actions then pending "except to the extent that in the opinion of the court its application in a particular action pending when this Title takes effect would not be feasible or would work injustice, in which event the former procedure applies." The trial court thus has an option as to which law to apply to proceedings pending on the effective date of the Act. Where, as here, prior to such date a petition had been filed, general demurrers thereto sustained with leave to amend, an amendment filed and the original demurrers renewed to the petition as amended, it was not error to apply the same rules on September 6, 1967, in passing on the renewed demurrers as in passing on the original demurrers. This court on appeal will consider the same rules of procedure followed by the trial court in determining (a) whether he was authorized to apply the rules of procedure which he in fact applied, and (b) whether under such application, if authorized, his decision was correct. Cf. *Abercrombie v. Ledbetter-Johnson Co.*, 116 Ga. App. 376 (157 SE2d 493).

■ The correctness of the judgment of the trial court must be determined under the rules of procedure in effect when the petition and demurrers were filed, and the petition construed most strongly against the pleader. Under such construction, an allegation that something was done by a party and an allegation elsewhere that the party did not do that thing are utterly repugnant, and the construction adverse to the pleader's interest must be

adopted. *Duggar v. Quarterman*, 191 Ga. 314 (4), 318 (12 SE2d 302); *Independent Life &c. Ins. Co. v. Pantone*, 80 Ga. App. 426 (1) (56 SE2d 153). Although it is alleged in the plaintiff's petition that the security deed from Federal Mortgage & Discount Co., Inc., to Republic Mortgage Corp. was physically delivered to Beasley upon his demand to hold it as security and his promise to record it immediately, it is elsewhere alleged that John K. Calhoun, attorney for the trustee in bankruptcy in the U. S. District Court (but in what proceeding in that court, if any, it does not appear) gave the note and security deed to Beasley, Calhoun having received it along with other documents under a trust receipt. It is not alleged that Calhoun was acting as agent for the plaintiff, grantee of the security deed, nor does it appear why Calhoun had the document in his possession. Accordingly, the physical delivery of the security deed to the defendant was not the act of the plaintiff.

It is further alleged that "plaintiff executed and delivered to defendant Beasley a certain assignment of the deed to secure debt from Federal Mortgage & Discount Co., Inc. to Republic Mortgage Corp. by virtue of an instrument entitled Moratorium and Hypothecation Agreement, a copy of which is hereto attached as plaintiff's Exhibit A and incorporated by reference herein as fully as if set forth at length herein." The attached agreement is indeed signed by Republic Mortgage Corporation, but makes no commitment whatever on behalf of Republic. On the contrary, it recites that "Federal Mortgage & Discount Co., Inc., does herewith assign and hypothecate to John McLean and Ben Beasley that certain note . . . and . . . deed to secure debt securing the same." It therefore appears that plaintiff's conclusion that it hypothecated these instruments to Beasley or McLean is based on the terms of the attached agreement which shows nothing of the kind, and that physical possession of the papers was delivered by a third person unconnected with the transaction.

As we have said, Count 1 is an action based on fraud and deceit based on a promise, made in bad faith, to record the plaintiff's security deed delivered by it to the defendant, failure to do which resulted in the plaintiff suffering injury when the prop-

erty was subsequently transferred by the grantor to a bona fide purchaser for value. The essential allegations of such an action are: "(1) That the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on such representations; (5) that the plaintiff sustained the alleged loss and damages as the proximate result of their having been made." *McBurney v. Woodward*, 84 Ga. App. 807, 814 (67 SE2d 398). The petition here not only fails to show why the plaintiff corporation should have attempted to hypothecate its property for the benefit of its president as an individual, but also fails to show that it did so. Count 1 fails to meet the fourth element of the action attempted to be set forth by failing to allege any act on its part *done in reliance* on the defendant's representations.

Additionally, Count 2, which attempts to set forth an action for damages based on a breach of the defendant's duty to it under a contract of employment as its attorney dated March 30, 1965, is subject to a like defect. Where the allegations of the petition are at variance with the exhibits attached thereto, the exhibit must control. *Equitable Credit Co. v. Murray*, 79 Ga. App. 795 (2) (54 SE2d 650); *Atlanta Journal Co. v. Doyal*, 82 Ga. App. 321, 325 (60 SE2d 802); *Harris v. Ackerman*, 88 Ga. App. 128 (1) (76 SE2d 132). The negligence alleged is that defendant did not, immediately on his employment, take certain steps to secure the plaintiff's interest, as a result of which "the property secured by said deed to secure debt had been sold to an innocent purchaser on the preceding Friday," that is, the Friday preceding April 12, 1965, and subsequent to the March 30 date of employment. However, a letter attached to the petition reveals that the sale of the property to the Salvation Army on that date was not a sale made by Federal Mortgage & Discount Co., Inc., but by Williams Street Realty Co. to whom Federal, the owner, had previously transferred title. Whether this latter transaction predated the commencement of employment, and whether it was a bona fide sale to an innocent purchaser do not appear; it must therefore be assumed that these facts existed. Nowhere is it alleged that Federal sold directly to the Salvation

Army, or that its transferee, Williams Street Realty Co., had not by its purchase wiped out the lien of the security deed prior to any employment by the plaintiff of the defendant. It cannot therefore be assumed that any negligence of the defendant as plaintiff's attorney in delaying two weeks before bringing the foreclosure action was any part of the proximate cause of plaintiff's loss, and no right of action is set out based on an attorney-client relationship.

The trial court did not err in dismissing the petition on general demurrer.

    *Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*