### 49708. O'KELLEY et al. v. SKINNER, WILSON & BEALS.

STOLZ, Judge.

1. The trial judge did not err in refusing to allow a person not a member of the State Bar of Georgia to represent the appellants in the trial court at the hearing on the appellee's motion for summary judgment. Code § 9-101 (Ga. L. 1933, p. 224). Moreover, the record does not disclose any facts which would have authorized such representation under Code Ann. § 9-201 (Ga. L. 1969, p. 82) or former Code Ann. § 9-204 (Ga. L. 1933, p. 224), which was repealed by Ga. L. 1969, p. 82 et seq. (Code Ann. § 9-201 et seq.).

2. The trial judge did not err in sustaining the appellee's motion for summary judgment as to the appellants' counterclaim. The record affirmatively shows that the acts which caused the appellants' financial loss occurred prior to their retaining the appellee's law firm. No actionable negligence is shown by counsel's failure to have his clients present for argument on a "Petition for Relief in Extraordinary Case."

In the present action, the appellee firm was retained to represent the appellants in defense of a claim by another attorney, F. Lee Evans, for fees he earned while representing the appellants. At the time the appellee law firm was retained, the appellants had lost the Evans suit; their counsel in that case had withdrawn; no notice of appeal had been filed; and the time for such had expired. The appellants first conferred with the appellee law firm on February 3, 1970. Various conferences and review of file work followed. On or about March 17, 1970, the appellee firm was retained by the appellants. Thereafter, it made efforts to (1) settle the Evans case and (2) reopen

the same via "Petition for Relief in Extraordinary Case." Both efforts were unsuccessful. This is not sufficient to support a claim of negligence or professional malpractice.

3. The appellants contend that the trial judge should have disqualified himself because he was a member of the law firm that had represented the appellants at one time in the Evans litigation. Such would not be grounds for disqualification per se. The record does not reveal a motion to disqualify by either party. Matters not raised in the trial court cannot be raised in this court for the first time. *Anderson v. State,* 129 Ga. App. 1 (2) (198 SE2d 329) and cits.

The trial judge did not err in granting the appellee's partial motion for summary judgment on the appellants' counterclaim.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

SUBMITTED SEPTEMBER 6, 1974 — DECIDED OCTOBER 2, 1974.

John B. O'Kelley, *pro se.*

*Hansell, Post, Brandon & Dorsey, Hugh E. Wright, Jefferson D. Kirby, III, Skinner, Wilson & Beals, Frank B. Strickland,* for appellee.