### MOGULEWSKY v. ROHRIG.

(Supreme Court, Appellate Division, Second Department. April 28, 1905.)

1. CONTRACTS—SUBSTITUTION OF PARTIES.
    Where defendant, as agent, contracted with plaintiffs to construct a building for a third person, but thereafter stated that the name of the third person was used only because he himself was in bankruptcy, and that he was the owner of the building, was responsible for everything, and would pay plaintiffs when the work was finished, this last agreement constituted an independent oral contract for the performance of the work for defendant according to the terms of the original contract.

    [Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, §§ 1123–1125.]

2. SAME—TIME OF PERFORMANCE.

> Where a building contract provided that the building was to be paid for when a permanent loan was placed upon the building, which was not done because of the fault of the owner, the owner could not, after the building was finished, object that the last payment was not due.

Appeal from Municipal Court, Borough of the Bronx, First District.

Action by Abraham Mogulewsky against William F. Rohrig. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, and HOOKER, JJ.

J. Power Donellan, for appellant.
Louis B. Boudin, for respondent.

WILLARD BARTLETT, J. This suit was brought to recover a balance claimed for work, labor, and services performed and materials furnished in the construction of a building. Such construction was provided for in a written contract under seal, executed by the firm of Gordon & Koslowitzky, on the one part, and "Katie Behrens, pr William F. Rohrig, Attorney in fact," on the other. The contract described W. F. Rohrig as superintendent, and required the work to be done to his satisfaction. The plaintiff has succeeded by assignment to the rights of Gordon & Koslowitzky. It will be observed that in this action he is seeking to enforce their claim, not against Katie Behrens, but against William F. Rohrig, whose name does not appear in the contract as a party; and the principal question presented upon this appeal is whether the proof establishes any liability against William F. Rohrig.

It is clear that he could not be held liable if the plaintiff's cause of action depended alone upon the contract. But it does not. Abraham Gordon, a member of the firm which did the work, testified that, when the first payment fell due on the job, Mr. Rohrig told him in substance that he had used Katie Behrens' name in the transaction merely because he himself was in bankruptcy; that he was the owner of the building, and was responsible for everything; that they would get all their money, and everything would be all right; and that he directed them to go ahead with their work, and said that he would pay them for it. This evidence, which was not contradicted, justified the Municipal Court judge in finding that Mr. Rohrig, as principal, entered into an independent oral contract with Gordon & Koslowitzky for the conduct of the work to completion upon the terms specified in the Behrens agreement. I do not see why it was not competent for him to do this. The oral contract was executed by the firm, and Mr. Rohrig thereupon became obligated to pay the agreed amount.

The last payment was to be made when a permanent loan was placed upon the building, and, as no such loan was obtained, the appellant insists that the balance is not yet payable. This objection is not available to the owner, who is solely at fault for not having obtained such loan, having permitted the premises to be sold under foreclosure.

The judgment should be affirmed, with costs. All concur.