(52 Misc. Rep. 481)

STEIN v. KOOPERSTEIN et al.

(Supreme Court, Appellate Term. February 4, 1907.)

1. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—CONSTRUCTION.

A contract of employment, by which defendants agreed to pay plaintiff at the rate of $780 for the first six months and at the rate of $910 for the second six months, was not a contract for yearly hiring, nor for any specified period.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 8–10.]

2. SAME—DAMAGES.

If a contract of employment sued on is made for a year, and suit is brought for breach before the end of the year, plaintiff is entitled to recover only such damages as he had sustained up to the time of the trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 50–53.]

Appeal from City Court of New York.

Action by Meyer Stein against Harry Kooperstein and another. From a judgment of the New York City Court in favor of plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Julius G. Kremer, for appellants.
Henry Kuntz, for respondent.

BLANCHARD, J. This is an appeal from a judgment recovered by the plaintiff for alleged wrongful discharge from the defendants' employment. The contract of employment provided that the defendants agree to pay to the plaintiff "at the rate of seven hundred and eighty ($780) dollars for the first six months, commencing January 22, 1906, being thirty ($30) dollars per week, payable weekly, and at the rate of nine hundred and ten ($910) dollars for the second six months, being thirty-five ($35) dollars per week, as and for his salary, payable weekly." The court directed judgment for the plaintiff, who was discharged March 5, 1906, for $960, on the theory that the contract stated a yearly hiring.

According to the rule stated in Martin v. Insurance Co., 148 N. Y. 117, 42 N. E. 416:

"A hiring at so much a day, week, month, or year, no time being specified, is an indefinite hiring, and no presumption attaches that it was for a day even, but only at the rate fixed for whatever time the party may serve. * * * A contract to pay one $2,500 a year for services is not a contract for a year, but a contract to pay at the rate of $2,500 a year for services actually rendered, and is determinable at will by either party."

The contract in the present case clearly falls within the rule thus stated. Moreover, the contract was made in January, 1906, the discharge occurred in March, the action was brought in April, and tried in October. If the contract of employment had been for a year, as the plaintiff contends, he would be entitled to recover only for the damages he had sustained up to the time of this trial of the action, and it was error not to submit the question of damages to the jury. The judgment must be reversed, and a new trial ordered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.