## DAVIS v. DODGE.

(Supreme Court, Appellate Division, Second Department. May 12, 1908.)

1. EVIDENCE—PAROL EVIDENCE—WRITTEN INSTRUMENT—EXPLANATION.

Where plaintiff, a professional race horse driver and trainer, who had worked for defendant for some time, executed a written contract agreeing to give "his entire business services" to defendant for a specified time, the contract was ambiguous as to the kind of services plaintiff was to render; and parol evidence to show that it was the intention of the parties that the services were to be such as defendant required in plaintiff's special line of work, and that it was not the intention of the parties that defendant should be entitled to direct plaintiff to devote his time to whatever engagement defendant saw fit was admissible.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2129–2133.]

2. MASTER AND SERVANT—CONTRACT—BREACH—MEASURE OF DAMAGES.

In case of breach of a contract of employment by the employer, a servant is not limited to an action for wages, but may sue before the expiration of the contract term for breach of contract, in which action he is not limited to the amount of wages he would have earned up to the time of the trial, but may recover all the damages he can prove to have sustained by a total breach of the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 50–53.]

3. SAME—MEASURE OF DAMAGES.

Where a servant was wrongfully discharged before the end of the contract term, the measure of his damages in an action for breach of contract was the amount of his wages due at the time of the trial less his actual earnings up to that time, plus the amount of wages which would become due after the trial, less the probable amount of his future earnings.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 54–56.]

Appeal from Trial Term, Suffolk County.

Action by Robert L. Davis against John L. Dodge. Judgment for plaintiff, and defendant appeals. Affirmed.

The action was brought to recover damages for breach of the following contract of employment: "6/19/05. Agreement between R. L. Davis & John L. Dodge entered into on this date whereby they mutually agree that the former shall give his entire business services and that the latter shall accept and pay for the same for the term of two years and three months at a salary, payable monthly, of $5,000 per year and one half of any profit accruing in any year above said amount. [Signed] John L. Dodge. R. L. Davis"—and from an order denying defendant's motions to set the verdict aside and for a new trial. The jury rendered a verdict in favor of the plaintiff for $6,499.90. The trial court granted defendant's motion to set the verdict aside unless the plaintiff stipulated within 10 days that the verdict be reduced to $5,899.90, in which event the motions were denied. The plaintiff filed the stipulation, and the judgment appealed from was entered accordingly. The defendant broke the contract by discharging the plaintiff without cause on February 22, 1906. The trial occurred on January 10, 1907. The contract period did not expire until June 6, 1907.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Frank C. Avery (Mark M. Schlesinger, on the brief), for appellant. Thomas J. Ritch, Jr., for respondent.

RICH, J. Upon the trial the learned justice presiding ruled that the words used in the contract, "his entire business services," and the omission to state or indicate the services to be performed by plaintiff, made the contract ambiguous, and received parol evidence to explain their meaning and show their application. It had appeared in evidence without objection that, for 23 years preceding the making of the contract, the plaintiff had followed the business of a horse trainer and driver in races, developing trotting and pacing horses, and making a specialty of driving in races, and at the time the contract was made, and for some time prior thereto, had some of the defendant's horses in his care and had driven them in races which were attended by defendant. The plaintiff's contention was that because of this fact, the knowledge of defendant that he was a driver and trainer of experience, and his lack of knowledge and experience in other lines of business, the words in the contract were understood and intended by the parties to apply to the services with which he was familiar and in the rendition of which he was an expert. While it was claimed by defendant that the understanding and intention of the parties was that the plaintiff should do whatever the defendant required of him in a business way, and that he had the right to direct him to devote his time to whatever he saw fit and at such places as the defendant saw fit to send him, to the exclusion of the profession to which the plaintiff had devoted his life, either of these constructions might very properly be given to the words used. A contract is ambiguous when it is open to various interpretations, has a double meaning, and is therefore of doubtful purport. I think parol evidence as to what the understanding and intention of the parties was at the time they entered into the contract was properly received. Petrie v. Trustees of Hamilton College, 158 N. Y. 458, 53 N. E. 216; Emmett v. Penoyer, 151 N. Y. 564, 45 N. E. 1041, and cited cases;

Dodge v. Zimmer, 110 N. Y. 43, 17 N. E. 399; Kenyon v. K., T. &
M. M. A. Ass'n, 122 N. Y. 247, 25 N. E. 299. And the jury have re-
solved the question of fact as to the contention of the parties in favor
of the plaintiff. This brings us to the consideration of the only other
question presented which it is necessary to consider.

The contract was executed on June 19, 1905, and on the 1st of July
following the plaintiff entered upon its performance. He had the care
and training of horses for the appellant and others until December of
that year, when he was sent South to sell the capital stock of the L.
D. Johns Company, with the understanding, he testifies, that the de-
fendant would send for him in May following, at which time a good
string of horses would be purchased and placed in plaintiff's charge.
After a short time spent in trying to sell the stock, the plaintiff became
dissatisfied with the work and wrote the defendant complaining of his
experience, expressing his dissatisfaction. Within a month after this
time he was discharged. He had been paid in full to March 1st. This
action was commenced on the 16th of the following month and was
tried in January, 1907, some eight months before the expiration of the
time stated in the contract for its termination.

The plaintiff has recovered more than his wages would have amount-
ed to at the time of the trial, and defendant contends that the recovery
could not, in any event, exceed the amount unpaid and due at the time
of the trial, less deductions for earnings subsequent to his discharge.
The answer to this is that the action is not brought to recover wages,
but is to recover damages for a breach of the contract of employment,
for which the plaintiff can maintain but one action, and in which all of
the damages sustained by him that are susceptible of proof may prop-
erly be recovered. In such an action, the plaintiff is entitled to recover
such damages as he can show he has sustained by a total breach of
the contract. Where it is certain that damages have been caused by a
breach of the contract and the only uncertainty is as to their amount,
no good reason exists for denying a recovery to the extent of such as
are reasonably certain and actually might follow such breach determin-
able approximately by a jury upon reasonable conjecture and probable
estimates. Wakeman v. Wheeler & Wilson Mfg. Co., 101 N. Y. 205,
4 N. E. 264, 54 Am. Rep. 676. In the case at bar the damages sus-
tained by plaintiff were clearly the amount of his wages due at the time
of the trial, less his actual earnings up to that time, and those that
would have become due after the trial being reduced by the amount
of his future earnings. In American China Development Company v.
Boyd (C. C.) 148 Fed. 258, the plaintiff had been employed for a term
of five years and discharged one year and ten months before the ex-
piration of the contract period. There was due the plaintiff at the time
of trial salary for two months and ten days, $1,166. Had he been per-
mitted to discharge his duties under the contract until the expiration
of the term, his salary would have amounted to $18,500. The recovery
was for $13,519, and was upheld. In Pierce v. Tennessee Coal, etc.,
R. R. Co., 173 U. S. 1, 19 Sup. Ct. 335, 43 L. Ed. 591, the same court
held that on being discharged from a contract of employment the party
discharged might in an action to recover the full value of the contract

include all that he would receive in the future under its provisions, deducting any sum that he might thereafter earn.

A careful examination of the record fails to disclose any substantial error, and the judgment and order must be affirmed.

Judgment and order unanimously affirmed, with costs. All concur.

GAYNOR, J. (concurring). 1. Whether damages for breach of a contract of service for a fixed term at a fixed salary by the discharge of the employé may be estimated to the end of the contract period or only up to the day of the trial of the action, when the contract period has not yet expired, is unsettled in this state. In this case the learned trial judge charged that they could be estimated to the end of the contract period.

The rule is settled in England and here that the employé has an immediate right of action on the breach for his entire damage. Hochster v. De La Tour, 2 El. & Bl. 678. On what principle may he be arbitrarily restricted in his damage to the time which has elapsed before the trial? The question does not seem to have been raised in any case in England, and its origin in this country is vague. If (for instance) I employ a man for a period of three years, and discharge him at the end of one year without cause, and he presently sue me for the breach, and is able to show on the trial (it occurring before the end of the contract period) that he has entered into a similar employment for the remainder of the contract period, but (doing his best) for less than I agreed to pay him, who would say that he was not entitled to recover the damage thus shown? The measure of damage would seem to be on principle, and in analogy to the general rule of damages in similar cases whether on breach of contract or in tort, the amount stipulated by the contract, less the amount the plaintiff has already earned, or should have earned with due diligence, since the breach and up to the time of the trial, and also less the amount which, with due diligence, he should earn in the future to the end of the contract period; the jury taking into consideration whether he will probably live so long, and all other pertinent facts. Juries have to do the like in other actions every day. That damages are difficult of estimation is not a reason for not estimating them. Wakeman v. Wheeler & Wilson Mfg. Co., 101 N. Y. 205, 4 N. E. 264, 54 Am. Rep. 676. The question must therefore come down to one of proof, i. e., the plaintiff may recover all the damages he can prove, whether up to the time of the trial, or not up to that time, or up to the end of the contract period, whether it be before or after the trial. This is the general rule in actions for damages for breach of contracts, and there seems to be no reason to exclude actions for breach of contracts of service from it. The plaintiff in such an action, the same as in other actions, should be able to recover such damages as may be fairly or reasonably estimated from his proofs, taking all the facts, probabilities, certainties and uncertainties into consideration.

There has been much indiscriminate citation of cases in this country on the question. Cases are cited again and again for the proposition that the damages may be estimated only during the part of the contract period which has elapsed before the trial, nearly all of which

being looked at are found to be cases where the contract period had not expired when the action was begun but had expired before the trial day, and where the question was whether the damages could be recovered up to the time of the trial (i. e., speaking with precision, up to the end of the contract period), or only up to the time of the commencement of the action. These cases have to be classified by themselves, and as not bearing on the question now being considered.

Coming down by a process of elimination to the cases in point, there is a contrariety of decisions in this country, with a preponderance in number, and a greater preponderance in reasoning and discussion, in favor of estimating the damages to the end of the contract period. In the following cases the contract period had not expired at the time of the trial, but it was held that the damages could be estimated up to the end thereof. Hamilton v. Love, 152 Ind. 641, 53 N. E. 181, 54 N. E. 437, 71 Am. St. Rep. 384; Cutter v. Gillette, 163 Mass. 95, 39 N. E. 1010; Sutherland v. Wyer, 67 Me. 64; Miller v. Boot & Shoe Co., 26 Mo. App. 57; Boland v. Glendale Quarry Co., 127 Mo. 520, 30 S. W. 151; Wilkie v. Harrison, 166 Pa. 202, 30 Atl. 1125; Smith v. Gilbert Lock Co., 4 N. J. Law J. 312; American China Development Co. v. Boyd (C. C.) 148 Fed. 258; Pierce v. Tennessee Coal, Iron & R. Co., 173 U. S. 1, 19 Sup. Ct. 335, 43 L. Ed. 591; Rhoades v. Railway Co., 49 W. Va. 500, 39 S. E. 209, 55 L. R. A. 170, 87 Am. St. Rep. 826; Railroad Co. v. Staub, 7 Lea (Tenn.) 397. In the last three cases there was the additional element that the plaintiff was given the contract of employment, viz., to work when and as he could so long as his physical disability, caused by an accident while in the defendant's service, should continue, in settlement of his claim for damages for his hurt. The fact of his disability made it certain, or more certain, that he would not earn anything, or much, in the future, and in that way the amount of his damages was made more certain. This distinguishing feature only went to the certainty of the amount of damages caused in the future by the breach, not to the question whether damages caused in the future may be estimated. The cases are therefore in point. In the following cases the contract period also not having expired at the time of the trial it was held that the damages could be estimated only during the time which had elapsed before the trial. Pape v. Lathrop, 18 Ind. App. 633, 46 N. E. 154; Schroeder v. California & Yukon Trading Co. (D. C.) 95 Fed. 296; Darst v. Mathieson Alkali Works (C. C.) 81 Fed. 284; Mt. Hope Cemetery Ass'n v. Weidenmann, 139 Ill. 67, 28 N. E. 834; L. & N. R. Co. v. Offutt, 99 Ky. 427, 36 S. W. 181, 59 Am. St. Rep. 467; Gordon v. Brewster, 7 Wis. 355; Fowler v. Armour, 24 Ala. 194. In the Indiana case of Hamilton v. Love, supra, which was decided in 1899, the opinion says that while there is a conflict elsewhere on the question, the decisions in that state on it have always been consistent and uniform that the damages must be estimated to the end of the contract period; the court being unconscious, apparently, that less than two years before the court of last resort in that state (its predecessor) had decided the other way in Pape v. Lathrop, supra.

In the Massachusetts case of Cutter v. Gillette, supra, the question was so carefully considered and disposed of that it may not be deemed

an encumbrance of the pages of our reports to quote from the opinion there delivered instead of leaving it to be read in its original source, viz.:

"For this breach he (the plaintiff) can have but one action. In estimating his damages the jury have the right to consider the wages which he would have earned under the contract, the probability whether his life and that of the defendant would continue to the end of the contract period, whether the plaintiff's working ability would continue, and any other uncertainties growing out of the terms of the contract, as well as the likelihood that the plaintiff would be able to earn money in other work during the time. But it is not the law that damages which may be larger or smaller because of such uncertainties are not recoverable. The same kind of difficulty is encountered in the assessment of damages for personal injuries."

The opinion says that the defendant conceded that such is the rule in England, and this is also taken for granted in other cases. Mt. Hope Cemetery Ass'n v. Weidenmann, supra.

It remains to refer to the decisions in our own state. In Everson v. Powers, 89 N. Y. 527, 42 Am. Rep. 319, the contract period had not expired when the action was begun, but had expired before the trial, and the only question presented and decided (the court adhering strictly to it) was whether damages could be recovered for the part of the contract period which ran after the action was begun, i. e., up to the end of the contract period; and it was decided in the affirmative. In a subsequent minor decision it was held that where the contract period had not expired at the time of the trial, damages could be estimated only on the part thereof which had run up to the day of trial, and other minor decisions followed it as a precedent. Bassett v. French, 10 Misc. Rep. 672, 31 N. Y. Supp. 667; Zender v. Seliger-Toothill Co., 17 Misc. Rep. 127, 39 N. Y. Supp. 346; Sommer v. Conhaim, 25 Misc. Rep. 166, 54 N. Y. Supp. 146. The point was not involved in Costigan v. Mohawk & Hudson R. Co., 2 Denio, 609, 43 Am. Dec. 758; Colburn v. Woodworth, 31 Barb. 381, or Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285, and yet these and like cases have been frequently cited as authority thereon. In Bassett v. French, supra, the learned judge who wrote finds insuperable difficulty in the fact that either the employer or the employé might die the day after the recovery, or that the employé might become incapacitated for work. And yet he probably found no difficulty in charging juries in tort and contract cases where even greater uncertainties confronted him. In actions for damages to next of kin by the death of their decedent, juries are left to consider a succession of acute uncertainties; even whether the decedent, however young or poor of prospect, may live and accumulate property, and die intestate, not having married or had children, thus leaving his next of kin to get his property.

But the principle of the case of Wakeman v. Wheeler & Wilson Mfg. Co., 101 N. Y. 205, 4 N. E. 264, 54 Am. Rep. 676, is applicable to and decisive of the present case in favor of the plaintiff. There agents sued for damages for breach of a contract of agency for the sale of merchandise, the compensation of the agents to be a commission on sales, and it was held on appeal, reversing the trial court, that damages, although problematical and uncertain in their calculation, could be estimated for the entire period of the agency, which had not

expired at the time of the trial. If this be the rule in the case of compensation by commissions on sales, it is impossible to see why it should not be in the case of a fixed salary, for the former has more elements of uncertainty than the latter. It cannot be conceived that the decision would have been the other way if the contract had been for a fixed salary.

2. The phrase in the written contract, "his entire business services," has reference to the plaintiff's calling or business, and does not mean any business or work which the defendant might choose to put him to from time to time; and as the contract does not disclose the calling or business of the plaintiff, it was competent to prove what it was by evidence dehors. His business was that of trainer and handler of race horses, and he was employed by the defendant in that capacity when the contract was made. The new contract was a continuance of the employment. This was quite conclusive of what business the plaintiff was employed to do. Every one to his own business or trade.

The judgment should be affirmed.