COTTONE v. MURRAY'S.

(Supreme Court, Appellate Division, First Department. June 3, 1910.)

MASTER AND SERVANT (§ 41*)—WRONGFUL DISCHARGE—MEASURE OF DAMAGES.
The damages for breach of contract for services by a wrongful discharge are to be estimated to the end of the contract period, though the trial occurs before that time.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 50–53; Dec. Dig. § 41.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by Melchierre Maure Cottone against Murray's. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Norbert Heinsheimer, for appellant.

Alfred Steckler, for respondent.

SCOTT, J. The defendant appeals from a judgment in favor of plaintiff for damages for breach of contract of employment. The contract was in writing, dated in April, 1908, and by its terms plaintiff was engaged for a period of two years at a weekly salary and meals. After about three months he was discharged.

The only question in the case which requires consideration is as to the measure of damages. The action was tried on December 20, 1909, before the term of employment had expired, and the plaintiff has been allowed to recover damages for the whole term. The defendant insists that the damages should have been limited to those which had accrued at the time of the trial. This contention suggests a question which has been much discussed, and upon which the decisions are not all in harmony. In Davis v. Dodge, 126 App. Div. 469, 110 N. Y. Supp. 787, the Appellate Division in the Second Department arrived at the conclusion, supported by a well-considered opinion, that in an action for damages for the breach of a contract of service by means of a wrongful discharge, when the trial occurs before the termination of the contract period, the plaintiff may recover damages to be estimated up to the end of the contract period, and is not limited to the damages which have accrued down to the date of trial. The opinion examines and compares the principal cases bearing upon the question which had then been decided. It is unnecessary to go over the ground again, and we content ourselves with stating our acquiescence in the rule thus laid down, which accords with the rule adopted by the Supreme Court of the United States. Pierce v. Tenn. Coal, etc., R. R. Co., 173 U. S. 1, 19 Sup. Ct. 335, 43 L. Ed. 591.

The judgment and order appealed from is affirmed, with costs. All concur.