## GRUND v. LA JOLIE DRESS CO.

### (Supreme Court, Appellate Term. June 24, 1910.)

MASTER AND SERVANT (§ 41*)—UNLAWFUL DISCHARGE—AMOUNT OF DAMAGES.
    An employé, who has been unlawfully discharged, may recover damages for the full term of the contract, and is not limited to the amount up to the date of the trial.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 12, 50–53; Dec. Dig. § 41.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Herman Grund against the La Jolie Dress Company. There was a verdict for plaintiff, which was set aside on motion, and plaintiff appeals. Reversed, and judgment reinstated.

Argued before SEABURY, GUY, and BIJUR, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

House, Grossman & Vorhaus, for appellant.
Samuel Goldberg, for respondent.

GUY, J.   Plaintiff appeals from an order setting aside the verdict of a jury in his favor.   The plaintiff sued to recover damages for an unlawful discharge.   The answer denied the unlawful discharge and alleged justification.   The jury having rendered a verdict in favor of plaintiff, defendant moved to set aside the verdict on the ground that the damages, if any, should be estimated to the date of trial, and not for the full term of the contract.   The court below, in a memorandum, held:

"Motion of the defendant to set aside verdict of jury is granted, unless the plaintiff will stipulate to reduce the verdict to $120, being the amount of damages up to the day of trial (see Stein v. Kooperstein, 52 Misc. Rep. 481 [102 N. Y. Supp. 578]; Bassett v. French, 10 Misc. Rep. 672 [31 N. Y. Supp. 667]), in which event motion will be denied."

The rule laid down in Davis v. Dodge, 126 App. Div. 469, 110 N. Y. Supp. 787, is decisive of the point involved herein.

The order appealed from should be reversed, and the judgment reinstated, with costs.   All concur.