### FRIEDMAN et al. v. ZWEIFLER et al.

(Supreme Court, Appellate Term.   December 22, 1911.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—PLEADINGS—SUFFICIENCY.

Where the pleadings in an action in the Municipal Court are oral, and defendant on the return day puts in a general denial, the insufficiency of the complaint is not available as a ground for motion to dismiss at the trial.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

2. BANKRUPTCY (§ 391*)—EFFECT OF ADJUDICATION ON PROCEEDING IN MUNICIPAL COURT.

That a partner has been adjudged a bankrupt does not oust the Municipal Court of jurisdiction of an action against the partner and copartner for goods sold the firm, in the absence of an order of the bankruptcy court restraining the prosecution of suits against the bankrupt, as authorized by Bankr. Act July 1, 1898, c. 541, § 11, 30 Stat. 549 (U. S. Comp. St. 1901, p. 3426).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 637–655; Dec. Dig. § 391.*]

3. BANKRUPTCY (§ 435*)—DISCHARGE IN BANKRUPTCY—AVAILABILITY AS DEFENSE.

A discharge in bankruptcy, to be available as a defense in an action against the bankrupt in a state court, must be pleaded as a defense.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 824–839; Dec. Dig. § 435.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Friedman and others, copartners doing business as Friedman Bros. & Oldelman, against Morris Zweifler, sued herein

as Morris Zweifer and another, copartners. From a judgment of the Municipal Court for defendants, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Horace London, for appellants.

Jacob Cebulsky, for respondents.

PER CURIAM. This is an appeal by the plaintiffs from a judgment of the Municipal Court dismissing plaintiffs' complaint on the ground of want of jurisdiction. The action is for goods sold and delivered, and brought against two defendants as copartners. One defendant only was served. The other was neither served nor appeared. On the return day the pleadings were oral; the complaint being for goods sold and delivered, and the answer a general denial and no jurisdiction. On the day of the trial, before any testimony was offered, the defendant moved to dismiss the complaint on the ground of want of jurisdiction, the defendant not served having been adjudicated a bankrupt, and on the further ground that the complaint did not state facts sufficient to constitute a cause of action.

[1] The pleadings being oral, and the defendant having put in a general denial on the return day, this latter ground was not available. Samuelson v. Mayer, 139 App. Div. 6, 123 N. Y. Supp. 418.

[2] The motion to dismiss the complaint was granted on the ground of want of jurisdiction. This was error. The fact that one of the defendants had been adjudicated a bankrupt, if true, did not oust the court of jurisdiction.

[3] If a discharge in bankruptcy had been secured that fact could be pleaded as a defense. The bankruptcy court may grant a stay restraining the prosecution of suits against the bankrupts (section 11, Bankruptcy Act); but, in the absence of such restraining order, the adjudication presents no reason why a suit should not be prosecuted. Judgment reversed, and new trial ordered, with costs to appellant to abide the event.