DAVID J. BONDY, Respondent, *v.* ALBERT J. HARVEY, Appellant, Impleaded with GEORGE A. HARVEY, Defendant.

First Department, November 5, 1926.

Landlord and tenant — action for breach of contract to lease property in Wisconsin for ninety-nine years — defendants agreed to procure city to close certain alley — evidence shows that defendants did not perform that obligation — damages — measure of damages is present value of difference between rent reserved and rental value arrived at by making such proper abatement as will give present value of such difference for period of lease — error for court to charge that measure of damages is difference in rent reserved and rental value multiplied by ninety-nine — statement by court without comment that plaintiff claimed that was rule is equivalent to charge — error of court not obviated by affidavits from jurors that they adopted proper measure of damages.

In an action to recover damages for breach of a contract whereby the defendants agreed to lease to the plaintiffs for a term of ninety-nine years certain property in the city of Milwaukee, Wis., and agreed to have the city close a certain alley which was a part of the property, the evidence established that the defendants did not endeavor to perform their obligation in relation to closing the alley for more than ten months. The failure to proceed with reasonable diligence constituted a violation of the contract.

The correct measure of damages is the present value of the difference between the rent reserved and the rental value arrived at by making such proper abatement as will give the present value of such difference for the period specified in the lease.

It was error for the court to charge that the present value of the loss could be fixed by multiplying the difference between the rent reserved and the rental value by ninety-nine, the number of years that the lease was to run.

While the court did not specifically so charge, it stated that the plaintiff made that contention and the court made no comments on the statement and did not make any further charge in reference to the rule of damages.

The error of the court cannot be obviated by affidavits from the members of the jury that in arriving at the verdict they applied the proper measure of damages.

APPEAL by the defendant, Albert J. Harvey, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 29th day of October, 1925, upon the verdict of a jury; also from an order entered in said

clerk's office on the same day denying defendant's motion for a new trial made upon the minutes, and also from an order made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of June, 1926, granting plaintiff's motion to resettle the case on appeal.

*Clarence J. Shearn* of counsel [*Charles C. Smith* with him on the brief; *Shearn & Hare*, attorneys], for the appellant.

*John W. Davis* of counsel [*Samuel Williston, David L. Podell, Herman Shulman* and *Mayer C. Goldman* with him on the brief; *Mayer C. Goldman*, attorney], for the respondent.

McAvoy, J. The plaintiff in this action recovered a judgment for over $720,000 on a complaint which alleged a breach of a contract by defendants to lease to plaintiff for a period of ninety-nine years a site for a theatre in the city of Milwaukee, Wis.

The agreement upon which the suit was brought while called a contract for lease, and evidently intended to be so, does make use of present words of demise and lease while both parties knew that the defendant and his brother had only a possibility of controlling part of the land, and besides had leased property constituting a then open city street or alley which it was the intention of the parties to have closed by application to the city of Milwaukee for what was called a vacation proceeding. The contract for the lease provided for the later execution of a formal lease containing the usual covenants. That lease was to have been executed within three months from the vacation of the alley by the city of Milwaukee, and it was agreed that the demise of lease should not become effective for any purpose except upon the vacation of the alley by the city of Milwaukee. It provided for the services of the defendant and his brother to exercise due diligence and make *bona fide* efforts to procure the vacation of the alley, and it has the peculiar provision that if through the fault of the defendant and his brother the alley was not vacated and negotiations were entered into with other parties to lease the premises as a theatre site upon better terms than were provided in this contract, then the plaintiff was to have a perpetual option to meet the better terms and acquire the lease.

The lease was to have been for ninety-nine years. The rental was fixed at $20,000 per year and taxes, excepting that during the construction period the rent was to be paid at the rate of $9,000 per year.

The plaintiff's contention was that it was the duty of defendant to proceed in good faith, with due diligence, to procure the vacation by the city of Milwaukee of that part of the alley referred to in

the contract for lease, and that this obligation on the part of the defendant was not performed, and that in January, 1922, ten months after the contract was signed, the city of Milwaukee had not vacated the alley. The plaintiff then had an interview with the defendant and brought suit against him by having his attorney serve a summons on the defendant at that interview and thereafter a complaint was served, demanding $2,980,000 damages.

The property involved is 218 by 200 feet and its assessed valuation is $166,666.

The contentious issue upon the trial was whether the defendant had proceeded in good faith and with due diligence to procure the vacation of the alley as required by the contract. It is admitted for the sake of this argument that there was sufficient evidence upon which to predicate a verdict for the plaintiff on this issue of lack of good faith upon the part of the brothers defendants in the endeavor to procure the vacation of the alley so that the contract for lease should become effective and consequently a breach of duty imposed by the contract was proven. The grievous error on which the argument for reversal is based is, that the rule of damages charged by the learned trial court, and excepted to by the defendant's counsel, resulted in such prejudice to the defendant that this very large verdict was rendered and the judgment founded thereon entered. It cannot be denied but that the charge of the learned trial court was entirely erroneous in respect of the rule of damages. The court charged the jury that it could fix the present value of the lease by multiplying the difference between the rent reserved and the rental value by ninety-nine, the number of years that the lease had to run. While this is the rule applied in valuing short term leases where the present value of the payment is not in serious issue, this rule cannot be applied to an assessment of damages which results from a breach of a contract to lease where the payment or benefit from the payment would not accrue at the longest term under the lease for ninety-nine years. It is obviously the correct rule that such damage as the plaintiff suffered by reason of not securing the lease and losing the benefit of the difference between its value and the rent reserved, is the present value of such sum arrived at by making such proper abatement as would give the present value of such difference for the period specified in the lease. That the learned trial court did make a specific charge to the effect that the damages could be found by finding the difference between the value of the lease and the rent reserved and multiplying this by the number of years the lease had to run is obvious from the following quotation of the charge: " That is to say the rent reserved being $20,000, the plaintiff claims that his damages would be the

difference between the rent reserved and the fair rental value as you find it, of the property. That is, if you took an arbitrary figure, that you would find what the earnings would be for one year and multiply that by ninety-nine years, and that would give you the plaintiff's damages; that is the plaintiff's claim in this case."

While it is argued that this is merely a statement by the learned trial court that this was plaintiff's claim of damages, there is no other allusion to a correct measure of damages in the case and the specific exception calls the correct rule to the learned trial court's attention in the following words: " Mr. Mills: We wish to take formal exception to that part of the charge in which it was substantially stated that the measure of damages would be ninety-nine times the difference between the amount stated in the contract and the fair yearly rental value of the premises. I stated to your Honor before the charge that we believed that the proper theory of damages required that the jury be instructed that it was not ninety-nine times that difference but that it was the present value for each year and the difference between those values. In other words, the present value figured from annuity tables. Your Honor said at that time it would not be necessary to make a formal request, but that we should take our exception at this time."

Subsequent to the filing of the brief in this case calling attention to this error in the rule of damages applied by the learned trial court, and supposedly followed by the jury, the respondent procured what is termed an addendum to the case on appeal to be made up by moving to resettle the record on appeal, so as to incorporate and include in the case on appeal the affidavits of the twelve trial jurors who heard the case, to the effect that they applied the rule of damages, which would, in effect, fix the present value of the lease throughout its term by adjudging that the difference between the rental value and the rent reserved was $36,000, and that an income at five per cent interest of that amount annually could be realized from the principal sum of $720,000.

It is our opinion that no such method of obviating an error in the learned trial court's charge in damages can be countenanced. Jurors must follow the law of the court as laid down. They may not be permitted so to reconcile the amount of their verdict with the correct rule of damages. One needs only to be sufficiently acquainted in an instance of this kind with the figure to be sustained and the arithmetical rule of present value under the general title of " Principal and Interest," so as to arrive at the correct result. This error in the charge went to the very foundation of the judg-

ment in the amount of damages. The attempted correction of the error by showing that the rule of damages announced was not followed by the jurors is ineffectual to bring about the upholding of the judgment.

We think the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

These considerations also lead to a determination that the order should be reversed, with ten dollars costs and disbursements, and the motion denied.

CLARKE, P. J., DOWLING, MERRELL and BURR, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event. Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion denied.