LOUIS WEISBERG and Another, Copartners, Doing Business under the Firm Name and Style of WEISBERG & GREENWALD, Respondents, v. THE ART WORK SHOP, Appellant.

First Department, May 24, 1929.

*Ralph C. Taylor* of counsel [*Kent, Means & Benzinger*, attorneys], for the appellant.

*Daniel A. Shirk* of counsel [*Milton A. Goldiner* with him on the brief], for the respondents.

PROSKAUER, J. Defendant appeals from an order granting summary judgment in favor of the plaintiffs for $700 and costs. Plaintiffs are engineers. The defendant is a manufacturer of automobile hardware. The plaintiffs made a written offer to the defendant under date of May 5, 1928, " to furnish plans and specifications for this plant, supervise the installation of equipment, instruct you in the preparation and maintenance of the plating solution, and teach the person designated by you the operation of the process, for the sum of one thousand dollars. In addition, there is to be a further charge of fifty dollars per day and expenses for the time of our engineer while away from New York * * *. Our charges are to be payable as follows: three hundred dollars upon retaining us to make this installation and the balance upon our turning the completed plant over to you in commercial production." Other provisions of the offer made it clear that all the expenses of construction were to be paid by the defendant and that the plaintiffs' compensation was wholly for professional personal service. The offer was accepted by the defendant and $300 paid on account. On May 14, 1928, the defendant requested the work to be postponed for a time. Shortly thereafter, upon the defendant's instruction, the plaintiffs ordered all the equipment required and it was delivered to the defendant on July 16, 1928. Thereafter there was further correspondence between the parties in which the defendant continually postponed the beginning of the installation. On July 25, 1928, the defendant wrote: " We are very sorry that at this time we cannot advise you definitely as to just when we will be ready to go ahead with this installation."

On August twenty-ninth it wrote: " We have temporarily discontinued the work of completing our chromium plating equipment."

On October eleventh, after further demand of the plaintiffs that they be allowed to proceed with the work, the defendant wrote that it wished " to state that until we decide to erect our chromium plating plant the matter will have to rest as it now stands." The plaintiffs thereupon demanded the payment of the balance of their bill, amounting to $700, and upon refusal brought suit therefor.

The appellant urges that there is a question of fact as to whether a reasonable time elapsed. We think this question is one of law. (*Levant American Com. Co., Inc.* v. *Wells & Co., Inc.*, 186 App. Div. 497; *Roth* v. *Buffalo & State Line R. R. Co.*, 34 N. Y. 548.) Here these engineers did all their preliminary work and placed the contracts which they were called upon to place for the defendant. They were prevented from going ahead with their work by the arbitrary refusal of the defendant to proceed with the erection of the plant. · The defendant's position was that it would not proceed until it got ready to do so and it would give the plaintiffs no information as to when that would be. This, coupled with the long delay, constituted, as a matter of law, unreasonable failure to proceed.

The appellant claims also that this is not an action to recover a debt or liquidated demand within the meaning of rule 113 of the Rules of Civil Practice, but is rather an action for damages for breach of contract. Under a contract of this character, however, the plaintiffs are entitled to recover as their liquidated damages the amount of their compensation. This was not a contract for exclusive employment where the damages might be reduced by earnings of the plaintiffs under other employment. They were professional men, making a charge for professional service and advice. " If the work is done according to the contract, or if, though not completed, there is no saving to the contractor by being relieved from finishing it, the contractor is entitled to recover the contract price." (3 Willis. Cont. § 1363.)

The judgment and order appealed from should be affirmed, with costs.

FINCH and McAVOY, JJ., concur; DOWLING, P. J., and MERRELL, J., dissent and vote for reversal on the ground that plaintiffs' claim is neither for a debt nor upon a liquidated demand, but is an action for damages for breach of contract, the amount of which, if plaintiffs are successful, must be established by proof at the trial.

Judgment and order affirmed, with costs.