CHARLES F. HOLLWEDEL, Respondent, v. DUFFY-MOTT COMPANY,
INC., Appellant.*

Fourth Department, June 2, 1933.

* Motion to dismiss appeal denied, 262 N. Y. 643.

*Louis S. Weiss, Isaac Adler* and *Myer D. Mermin,* for the appellant.

*Gustave Lange, Jr., Charles B. Bechtold* and *Albert Von Wiegen,* for the respondent.

SEARS, P. J.   Defendant employed plaintiff as manager of a part of its business.   The employment was under a written contract dated September 27, 1929, at a minimum annual salary of $12,000. The defendant by motion in New York county challenged the sufficiency of the complaint claiming that no fixed term of employment was provided by the contract.   The Special Term denied the defendant's motion and on appeal the Appellate Division in the First Department affirmed the order granted by the Special Term sustaining the complaint, writing in a memorandum: " Whether the plaintiff Hollwedel had a contract of employment for a definite period of ten years, or employment only so long as the defendant Duffy-Mott Company, Inc., desired protection of the restrictive covenant, presents a question the ultimate determination of which must await a full adducement of all the facts and surrounding circumstances."   (236 App. Div. 785.)   This decision constrains us to hold that the written contract which is the basis of the plaintiff's right to a salary, although ambiguous, may in the light of surrounding circumstances be construed as a contract of employment for ten years from its date.   A voluminous record embodies " a full adducement of all the facts and surrounding circumstances " and (in accordance with the principle stated in the quoted memorandum) sustains the finding that the contract was for a ten-year employment beginning at its date.

The defendant discharged the plaintiff on October 21, 1930. There is no error of fact or law in the finding that the discharge was wrongful.

The verdict of the jury entered November 19, 1932, was for $118,762.53.   Pursuant to an order of the trial judge, the plaintiff stipulated to reduce the verdict to $113,484.75.

The recovery is larger than the proof warranted.   It is computed on the total amount of unpaid salary from November 1, 1930, to September 27, 1939, approximately $106,900, less $5,800 conceded by plaintiff to have been earned by him after his discharge and before the time of the trial, with interest on the difference from the date of breach, October 21, 1930, to the date of the beginning of the trial, November 15, 1932, such interest amounting to $12,384.75.   No allowance has been made for the element of futurity in the installments of salary which by the contract fell due after the date of the breach.

The date of the discharge of the plaintiff by the defendant is the date upon which damages are to be assessed. The damages are compensatory and are the then worth to the plaintiff of the contract, or strictly, of its performance. (*Schell* v. *Plumb*, 55 N. Y. 592.) (See 3 Williston Cont. § 1339; American Law Institute Restatement of the Law of Contracts, § 329.) Although the breach in this case was not wholly anticipatory, as it did not occur before the time of the incidence of the reciprocal obligations of service and payment, yet in the calculation of damages the rule is the same as though the breach had been wholly anticipatory. (American Law Institute Restatement of the Law of Contracts, § 338, and comment a.) The total amount of all installments accruing after the breach which the plaintiff in the opinion of the jury would have lived to earn, subject to all proved diminutions, was unquestionably the basis for the computation of damages. (*Howard* v. *Daly*, 61 N. Y. 362; *Weisberg* v. *Art Work Shop*, 226 App. Div. 532; affd., 252 N. Y. 572.) The burden was upon the defendant to establish diminution by earnings. (*McClelland* v. *Climax Hosiery Mills*, 252 N. Y. 347; 253 id. 533.) The circumstances that breach occurred by repudiation before the time for full performance had arrived did not work an acceleration of the time fixed by the contract for the performance and could not change the loss to the full equivalent of promised performance without regard to future dates. (American Law Institute Restatement of the Law of Contracts, § 338, comment a.)

In cases of this kind when the trial occurs after the time for performance has expired it is not difficult to calculate with accuracy the damages for loss of payments due before the date of trial. Events occurring after the breach and before the trial are in such cases taken into consideration. (*McClelland* v. *Climax Hosiery Mills, supra.*) (See *Sider* v. *General Electric Co.*, 238 N. Y. 64.) When the trial occurs before the time for performance under the contract has expired greater uncertainty as to damages is necessarily present. In either event, however, installments payable under a contract at fixed dates after the breach cannot at the date of the breach have a value in excess of the amount of the future installments properly discounted. A refusal to make allowance for such discount results in remaking the contract and accelerating the due date of future installments. (*Nichols* v. *Scranton Steel Co.*, 137 N. Y. 471; *Baer* v. *Durham Duplex Razor Co.*, 228 App. Div. 350; affd., 254 N. Y. 570, on appeal by defendant only; *Matter of English Joint Stock Bank* [*Yelland's Case*], L. R. 4 Eq. 350; *Bondy* v. *Harvey*, 218 App. Div. 128.) The injustice of allowing such an acceleration of future payments is emphasized when section 480 of the

Civil Practice Act requiring interest to be added from the date of the breach is applied, thus giving the claimant the full amount of all future installments and then adding interest on all the installments from the date of the breach (as was done in this case). The result is a recovery in excess of the amount which the claimant would have received had the contract not been broken and had the claimant fulfilled all his obligations. While general language in many cases may seem to conflict with the view here expressed, no case has been found in which it is stated specifically that in computing damages in relation to loss of installments due at fixed times after breach, the amount of such installments should not be discounted. The principles here applied have sometimes been disregarded, probably on account of comparatively small amounts involved. (See *Bondy* v. *Harvey, supra.*)

Interest on the damages from the date of the breach must be allowed. (Civ. Prac. Act, § 480.)

The judgment and order should be reversed on the facts and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff stipulates to reduce the verdict as of the date of its rendition to the sum of $88,752.78, which is the maximum amount of damages recoverable under the evidence computed in accordance with the principles above stated, and, in case such stipulation is given, the judgment should be modified accordingly and as modified affirmed, without costs.

All concur, except TAYLOR and THOMPSON, JJ., who dissent and vote for affirmance in a memorandum by TAYLOR, J.

TAYLOR, J. (dissenting). The judgment and order should be affirmed, with costs, for the following reasons:

(1) The written document annexed to the complaint as "Schedule A" (Exhibit 1), executed September 27, 1929, taken in connection with the conversations and transactions had between plaintiff and the officers and representatives of defendant and the conduct of the parties as indicated by the testimony in the record, constitute a contract for ten years' service by plaintiff as employee to defendant as employer. (See, also, First Department memorandum in this same case, 236 App. Div. 785.) In addition the jury found the existence of such a contract as a fact under a charge to which no exception was taken.

(2) Defendant has not proved that it had a valid reason for discharging plaintiff from its employ.

(3) This being an action for damages for breach of contract the correct measure of damages was applied, viz., the *full amount of* salary unpaid, due and to become due, subject to reasonable deduc-

tions to be made by the jury by reason of amounts otherwise earned or that should be earned by plaintiff, his probable duration of life, his earning ability and other kindred uncertainties growing out of the contract. (*Howard* v. *Daly*, 61 N. Y. 362; *Davis* v. *Dodge*, 126 App. Div. 469; *Denniston* v. *Finnegan*, 174 id. 8; *Cottone* v. *Murray's*, 138 id. 874; *Pierce* v. *Tennessee Coal, etc., Co.*, 173 U. S. 1, 16; *Banta* v. *Bania*, 84 App. Div. 138; *Clark* v. *West*, 137 id. 23; *McClelland* v. *Climax Hosiery Mills*, 252 N. Y. 347; 253 id. 533; *Roehm* v. *Horst*, 178 U. S. 1, 21; *Cutter* v. *Gillette*, 163 Mass. 95; American Law Institute, Restatement of the Law of Contracts, § 338; Sedgwick Dam. [9th ed.] §§ 665, 666.)

In reliance upon the conclusions reached in *Nichols* v. *Scranton Steel Co.* (137 N. Y. 471) and *Baer* v. *Durham Duplex Razor Co.* (228 App. Div. 350; affd. on appeal by defendant only, 254 N. Y. 570), it is urged that after allowing plaintiff *prima facie* the full amount of his salary earned and to be earned to the end of his term, the " present worth " of that amount should have been ascertained before deductions were made for other moneys earned or that should reasonably be earned. The invalidity of that claim lies in this: The cases last cited were cases involving — the one a sale of iron, the other the marketing of razors — and in such cases, in the absence of proof that the vendor in the one case and the owner and patentee of the razor in the other lessened, or should have lessened his damages by making similar substituted arrangements with some third person, a jury can make no such deductions or offsets as are indicated hereinbefore in the instant case dealing with a personal service contract. It is clear to us that when deductions or adjustments cannot be made under the proof in these breach of contract cases, ascertainment of " present worth " brings about an equitable result as to amount of damages. In the instant case, following the rule as well stated in *Davis* v. *Dodge* (*supra*, at p. 475), the jury found that a deduction of $5,800 should be made from the total amount of salary due and to become due. In so doing the jury must be held to have taken into consideration all the proper elements of offset — and having done so the real " present worth " of the salary due and to become due has been arrived at and there is no conflict between the two lines of cases cited.

" It is not the law that damages which may be larger or smaller because of such uncertainties are not recoverable." (*Davis* v. *Dodge, supra,* p. 475, quoting from *Cutter* v. *Gillette, supra.*) " Although he [plaintiff] may receive his money earlier in this way and may gain or lose by the estimation of his damage in advance of the time for performance, still, as we have seen, he has the right

to accept the situation tendered him, and the other party cannot complain." (*Roehm* v. *Horst*, 178 U. S. 1, 21.)

(4) Interest from date of breach of contract to time of trial was properly allowed. The damages were unliquidated since the amount, if any, to be deducted from the unpaid balance of plaintiff's salary for the full term of employment was left to the sound discretion of the jury in a correct charge (*McClelland* v. *Climax Hosiery Mills, supra*), and the jury found that $5,800 should be deducted from salary due. Thus, under the cases hereinbefore cited, the total amount of unliquidated damages due to plaintiff on date of breach, November 1, 1930, was ascertained and under section 480 of the Civil Practice Act the allowance of interest from that date to date of trial was correct. The old New York rule respecting allowance of interest on unliquidated damages as illustrated, *e. g.*, in *Vandyke* v. *Webb* (167 App. Div. 445, 457), has been superseded by section 480 of the Civil Practice Act in effect April 4, 1927. (*McLaughlin* v. *Brinckerhoff*, 222 App. Div. 458; *Hackenheimer* v. *Kurtzmann*, 235 N. Y. 57, 67.) The incorrect charge of the learned trial court relative to interest allowable was cured by the reduction of the amount of the judgment on motion for new trial from $118,762.53 to $113,484.75.

(5) Any informality in the proceedings of the jury while deliberating or in their manner of arriving at a verdict is inconsequential in view of the result finally reached by the learned trial court.

THOMPSON, J., concurs.

Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff shall, within ten days, stipulate to reduce the verdict to the sum of $88,752.78 as of the date of the rendition thereof, in which event the judgment is modified accordingly and as so modified is, together with the order, affirmed, without costs of this appeal to either party.