DEDONA CONTRACTING CORPORATION, Plaintiff, v. ONE ELEVEN WEST END CORPORATION, Respondent, Impleaded with NEW YORK CENTRAL RAILROAD COMPANY and Others, Defendants, and DEPACE & JUSTER, INC., Appellant.

First Department, June 20, 1933.

*Howard C. Kelly*, for the appellant.

*Jeremiah P. Lyons* of counsel [*Hannon & Evans*, attorneys], for the respondent.

MARTIN, J. The plaintiff brought this action against the One Eleven West End Corporation to foreclose a mechanic's lien on certain property mentioned in the complaint. DePace & Juster, Inc., architect, having filed a lien against the property, was brought in as a party defendant and in an answer demanded judgment foreclosing its lien for the sum of $2,550, representing the balance alleged to be due on its contract.

The respondent leased certain property from the New York State Realty and Terminal Company. By the terms of the lease respondent was required to construct an eight-story warehouse. For the purpose of carrying out its obligations it entered into an agreement with the architect, the appellant, whereby the architect was to prepare plans and specifications for the structure and was to be paid $7,000 for such services; $1,400 upon approval of the plans by the departments having jurisdiction and upon completion of all working drawings and general and detail specifications; $2,800 when the building was inclosed; $1,400 upon completion of the building and the issuance of necessary certificates of occupancy; $1,400 sixty days after the third payment.

The contract sets forth that if for any reason after the plans and specifications were fully completed the respondent should abandon the project it would pay the architect the full sum of $7,000.

The respondent conceded at the trial that the architect prepared the plans and specifications and that they were approved and accepted and that the architect performed extra work at the agreed price of $200, making a total of $7,200; that the sum of $4,650 had been paid and there was a balance of $2,550, but contended that the balance would not become due until the respondent completed the building.

The last work performed was that done by the foundation contractor on January 2, 1931. At the time of the trial, November 14, 1932, more than one year and ten months after work had ceased upon the project, the president of the respondent testified that the reason why appellant had not been paid was solely because respondent had not completed the structure. He did not testify as to any fixed, definite or calculable time or period when work would be resumed. On the contrary, he testified that representatives of the railroad company (owner of the fee) had orally agreed that the part of the written lease permitting a mortgage of the leasehold interest might be changed so that a mortgage might be placed upon the fee " when, as and if the mortgage market opens up," and in that event the structure would be completed.

· The appellant contends that it has fully performed except for minor details, and respondent made performance of such minor details impossible, consisting of visits to the building site during construction at least twice a week and also at any other times when required by the owner and to give to the owner or its superintendent all required explanations and instructions respecting the plans and specifications. As to those visits and explanations and instructions the appellant says that the failure to build the structure has prevented the appellant from rendering such service.

Appellant says that no time being set forth in the contract for the completion of the building, respondent was entitled to a reasonable time only in which to perform; that a delay of nearly two years is more than a reasonable time, and the respondent has, therefore, breached the contract, and not having finished the building, the appellant is entitled to recover the unpaid balance of $2,550. In *Mogulewsky* v. *Rohrig* (104 App. Div. 147) an action was brought by a contractor for a balance, which under the contract was to be paid only when a permanent loan was placed upon the building. The court there said: " The last payment was to be made when a permanent loan was placed upon the building, and as no such loan was obtained, the appellant insists that the balance is not yet payable. This objection is not available to the owner, who is solely at fault for not having obtained such loan, and has permitted the premises to be sold under foreclosure."

In *Weisberg* v. *Art Work Shop* (226 App. Div. 532; affd., 252 N. Y. 572) the plaintiff engineers sued for and recovered a balance of $700 under a contract to furnish plans and specifications for the plant, supervise the installation of equipment, instruct defendant in preparation and maintenance of the plating solution and teach the person designated the operation of the process. Although the equipment and material were ordered and delivered, the defendant postponed the installation and when plaintiffs demanded payment it was refused and an action brought. The court said: " The appellant urges that there is a question of fact as to whether a reasonable time elapsed. We think this question is one of law. (*Levant American Com. Co., Inc.,* v. *Wells & Co., Inc.,* 186 App. Div. 497; *Roth* v. *Buffalo & State Line R. R. Co.,* 34 N. Y. 548.) Here these engineers did all their preliminary work and placed the contracts which they were called upon to place for the defendant. They were prevented from going ahead with their work by the arbitrary refusal of the defendant to proceed with the erection of the plant. The defendant's position was that it would not proceed until it got ready to do so and it would give the plaintiffs no information as to when that would be. This, coupled with the long delay, constituted, as a matter of law, unreasonable failure to proceed."

The owner agreed that if for any reason after the plans and specifications were fully completed it should abandon the project, it would pay the architect the full amount of $7,000; that if the project be abandoned by the owner while the plans were in progress, the architect would be entitled to a fee commensurate with the amount of work actually performed. There is no complaint made by respondent as to the skill or quality of the services rendered by

the architect, or that it failed or omitted to properly perform the various kinds of services required under the agreement, except to attend the building site during construction, which was made impossible by the respondent's admitted failure to proceed with the work.

More than a reasonable time has elapsed for the respondent to proceed with the construction of this building, and under the authority of *Weisberg* v. *Art Work Shop* (*supra*), the appellant is entitled to judgment for the full amont due on the contract.

The judgment in favor of the defendant, respondent, One Eleven West End Corporation dismissing the cause of action of the defendant, appellant, with costs, should be reversed and judgment directed in favor of the defendant, appellant, in the sum of $2,550, with interest and costs against the defendant, respondent.

FINCH, P. J., MERRELL and TOWNLEY, JJ., concur; McAVOY, J., taking no part.

Judgment so far as appealed from reversed, with costs, and judgment directed in favor of the defendant, appellant, in the sum of $2,550, with interest and costs against the said defendant, respondent. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.