(October 15, 1984)

■ ADMAE ENTERPRISES, LTD., Respondent-Appellant, v 1000 NORTHERN BLVD. CORP., Appellant-Respondent. — In an action to recover damages for breach of a 30-year written lease, the parties cross-appeal from a judgment of the Supreme Court, Nassau County (Vitale, J.), entered July 14, 1983, and made after a nonjury trial, which awarded plaintiff the principal sum of $285,020, $201,000 of which represented damages for loss of bargain for the first 10 years of the lease.

Judgment modified, on the law and the facts, to the extent that the damage award for loss of bargain is reduced from the principal sum of $201,000 to the principal sum of $126,376.20. As so modified, judgment affirmed, with costs to plaintiff, and matter remitted to Special Term for entry of an appropriate amended judgment.

We agree with Special Term that a valid lease existed as between the parties, which defendant breached by subsequently leasing part of plaintiff's space to another tenant. Plaintiff was properly entitled to damages for loss of bargain for the first 10-year period of the leasehold for which the rent fixed by the lease was below the fair market value for the premises at the time the lease commenced. We find, however, that Special Term should have discounted the damage award to allow for the present value of the money awarded (see *Randall-Smith, Inc. v 43rd St. Estates Corp.,* 17 NY2d 99; *Bondy v Harvey,* 218 App Div 126). Expert testimony was presented at trial by plaintiff's witness, which utilized a discount factor of 10% to allow for present value. Defendant does not object to the 10% figure, and under the circumstances, we find that 10% represents a fair and reasonable rate of discount. Applying standard annuity valuation tables for a discount rate of 10%, the present value of one dollar annual income for the first five years is 3.791. The present value for the second five-year term is 2.354 (which represents the value of a 10-year term minus the value of the first five-year term). Utilizing a fair market value of $15 per square foot for 5,400 square feet, as did Special Term, and thus a rent differential of four dollars for the first through fifth years ($15 per square foot fair market value minus $11 per square foot lease rental), we find that plaintiff's damages for loss of bargain for the first five-year term equal $81,885.60. Utilizing a rent differential of $3.50 for the second five-year term ($15 per square foot fair market value minus $11.50 lease rental), we find damages in the amount of $44,490.60. This totals $126,376.20 damages for loss of bargain, and the award should be reduced to reflect this.

We agree with Special Term that any damages which might be incurred during the last 20 years of the lease are too speculative to serve as the basis of a damage award. We have considered the other contentions of both parties and find them to be without merit. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.